UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

BENNIE GIBSON,

                Petitioner,                           **MEMORANDUM AND ORDER**
                                                            10-CV-1897 (RJD)
   -v-

COMMISSIONER OF NEW YORK STATE
CORRECTIONS, GOORD; DEPUTY
COMMISSIONER OF NEW YORK STATE
CORRECTIONS; WARDEN OF NEW YORK
STATE; CORRECTIONAL OFFICE OF QUEENS
COUNTY PROSECUTORS, SENIOR ATTORNEY
RICHARD BROWN, ESQ.; ADA ILLARDI, ESQ.;
HON. JUDGE ALOISE, PRESIDING IN
IND. #285.2009,[1]

                Respondents.
-------------------------------------------------------x
DEARIE, Ch. J.:

Petitioner, currently incarcerated at Downstate Correctional Facility, brings this *pro se* petition pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus. Petitioner's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted.[2] For the reasons set forth below, the Court dismisses the petition without prejudice as premature.

## BACKGROUND

Petitioner alleges that following a criminal conviction in New York Supreme Court, Queens County, he was sentenced, on or about March 10, 2010, to a term of imprisonment of one and one-half to four years. Petition at ¶ 4 (a)(b). Petitioner further alleges that on April 10, 2010, he appealed his conviction to the Appellate Division, Second Department. Id. at ¶ 8 (b)(c).

---

[1] The proper respondent in a habeas corpus action is petitioner's present custodian.

[2] This Court notes that although petitioner is barred from filing any future complaints, unless he demonstrates imminent danger of serious physical injury, see Gibson v. P.O. Weiss et al., 01cv8382 (SJ); Gibson v. Vega, 01cv879 (SJ), that order is not applicable to the instant petition for a writ of habeas corpus.

1

# DISCUSSION

The instant § 2254 petition is premature. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214, a federal court may grant a writ of habeas corpus to a state prisoner in custody pursuant to a judgment on a claim that was "adjudicated on the merits" in state court. In order to bring a petition for a writ of habeas corpus, a petitioner must first exhaust the remedies available in the state court or show that "there is an absence of available state corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i)(ii). To meet the exhaustion requirement, federal claims must be presented to the highest state court before a federal court may consider the petition. See, e.g., Baldwin v. Reese, 541 U.S. 27 (2004); Jackson v. Edwards, 404 F.3d 612, 618 (2d Cir. 2005) (to be eligible for habeas relief, the substance of claim must have been fairly presented to the state appellate court). Such fair presentation to the state court requires that the petitioner assert the same legal theory and premise it on essentially the same body of facts as he invokes in the federal court. See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Volpe v. Downstate Correctional Facility, No. 06 CV 6181, 2006 WL 3498580, at *1 (E.D.N.Y. Nov. 30, 2006). Since petitioner's criminal appeal is pending, he has not exhausted his available state court remedies, and the instant petition is premature.[3]

---

[3] Petitioner is advised that the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or "Act") signed into law on April 24, 1996, provides a one year statute of limitations for seeking federal habeas corpus review which runs from the date a conviction is made final as follows:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review or

## CONCLUSION

Accordingly, the petition for a writ of habeas corpus is dismissed without prejudice as premature. See Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. Sec. 2254 (if it plainly appears from the face of the petition that petitioner is not entitled to relief, the judge shall make an order for summary dismissal). A certificate of appealability will not issue because petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253 (c)(2); Lucidore v. New York State Div. Of Parole, *209* F.3d 107 (2d Cir. 2000); Lozada v. United States, 107 F.3d 1011 (2d Cir. 1997), abrogated on other grounds by United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997). The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/ Judge Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge

Dated: Brooklyn, New York
5/3 2010

---

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1).

3